Concurring Opinion by
McDonald, J.
I agree with the Majority opinion’s disposition of this particular case. But I also agree with most of Judge Raker’s scholarly analysis of the statute that created the writ of actual innocence — Maryland Code, Criminal Procedure Article (“CP”), § 8-301 — and the rule that implements it — Maryland Rule 4-332.
I agree with Judge Raker that CP § 8-301 was created to exonerate the truly innocent, no matter how late that proof *515 may become available, and not simply to override the time limits of Rule 4-331. For that reason, a petitioner’s assertion of actual innocence, as required in Rule 4-332(d)(9), is a critical prerequisite.
In this case, Mr. McGhie did not include the required allegation of actual innocence in his petition. Indeed, the petition is bereft of any reference to Rule 4-332. In most cases, in my view, that should result in dismissal of the petition. However, it is also the case that (1) Mr. McGhie testified under oath at trial that he did not commit the offense and (2) the State did not object to his failure to reiterate that assertion in his petition for a writ of actual innocence. In those circumstances, in my view, it is not inappropriate to reach the merits, as the Majority opinion does, on the theory of substantial compliance. In the absence of either of those circumstances — ie., had Mr. McGhie not already asserted under oath that he is innocent of the offense or had the State objected to his failure to make that averment in his petition — I would hold that a petition that fails to comply with Rule 4-332(d)(9) should be dismissed.